[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This contested dissolution action involves a short childless marriage. The court has jurisdiction in the case and finds the marriage has broken down irretrievably. It is therefore dissolved. The defendant wife may resume her maiden name of "Landry".
The "contest" in this case is over the parties respective liability for expenditures made prior to and during the course of the marriage. A major item is the cost of the wedding itself which the wife has been paying. Her claims also include payments CT Page 5617 she made to keep the plaintiff's business bills current, back rent owed, and various other items allegedly attributable to him alone. The defendant's earnings were almost triple those of the plaintiff.
The plaintiff's response appear to be first, that the defendant can afford to shoulder this financial burden because of her higher income, and second, "tough luck, all these expenses were marital expenses and I'm earning very little."
Needless to say, the court does not find that it would be equitable for this short marriage to terminate with the defendant paying over $13,000. for the cost of the marriage and about a third of her annual income allocated to the plaintiff's needs.
The court finds that the joint and several promissory notes signed by the parties to pay for the wedding is the equal responsibility of both parties.
Of the total which will be paid on this obligation, $13,413.76, the court makes a reduction of $1200 for the IRS refund retained by the defendant. Of the remaining $12,213.76, the plaintiff is found liable for the sum of $6,106.88, representing one-half.
This sum will be paid to the defendant as set forth below, and is made on the representation that the defendant has been paying and will continue to pay on this note.
Examining the remaining claims of the defendant, the court concludes that even if the plaintiff's theory that these are "marital expenses" is accepted, he is at least responsible for half.
The court finds that the plaintiff husband should be responsible for these items of expense:
 6 months rent . . . . . . . . . . . . . $2850.00 Payments on his student loan . . . . . 856.65 Paid on his clothing bill . . . . . . . 265.34 Paid on MV violations . . . . . . . . . 161.00 Paid on his Firestone bill . . . . . . 564.06 One — half, CHCP . . . . . . . . . . . 674.50
And for half of the business bills paid by the defendant:
 Phone . . . . . . . . . . . . . . . . . $197.87 Subscriptions . . . . . . . . . . . . . 48.23 IRS . . . . . . . . . . . . . . . . . . 241.00 Car Insurance . . . . . . . . . . . . . 96.50 Misc., Fidelity Nat'l . . . . . . . . . 388.50 -------- TOTAL: . . . . . . . . . . . . . . . . . . $6343.65
CT Page 5618
The total of the award on the note and the itemized expenses is $12,450.53.
The plaintiff is ordered to pay to defendant the sum of $12,450.53 as alimony. In making this award, the court considers this to be a substantial aspect of the defendant's total support, though it is arrived at by a computation reflecting the various expenditures discussed above. Therefore, it is ordered that said award is non-modifiable, is not to be considered income to the defendant, shall not be deductible by the plaintiff, and shall not be dischargeable in bankruptcy. Said award, or any portion then remaining unpaid, shall be subject to the accrual of of interest at the legal rate commencing six months from date.
Virtually as an afterthought, the question of the wedding gifts came up in this trial. It appears to the court that each party should retain the personal property items presently in his or her possession and the parties should be responsible for the liabilities on their respective affidavits.
Anthony V. DeMayo, Judge.